UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3639 JGB** | Date | August 28, 2026 |
| Title | ***Jorge Avila v. Wal-Mart Associates, Inc., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the August 31, 2026 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Remand filed by Plaintiff Jorge Avila ("Plaintiff") on July 24, 2026. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

On May 14, 2026, Plaintiff filed suit in San Bernardino County Superior Court naming Wal-Mart Associates, Inc. ("Walmart"), Yolanda Roberts ("Roberts"), and Does 1 through 20 as defendants. ("Complaint," Dkt. No. 1-1.) The Complaint alleged claims for: (1) disparate treatment disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) disparate impact disability discrimination in violation of FEHA; (3) failure to engage in an interactive process in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent discrimination and retaliation in violation of FEHA; (7) negligent hiring, supervision, and retention; (8) whistleblower retaliation in violation of California Labor Code section 1102.5(b); (9) wrongful termination in violation of public policy; and (10) intentional infliction of emotional distress. (Id.) Of the ten causes of action, only the tenth (for intentional infliction of emotional distress) was brought against Defendant Yolanda Roberts. (See id.)

On May 26, 2026, Plaintiff served Walmart with the summons and Complaint. (Dkt. No. 1-2.) On June 24, 2026, Defendant Walmart removed the action, invoking this Court's diversity jurisdiction. (Dkt. No. 1.) On July 24, 2026, Plaintiff filed a Motion to Remand. ("Motion,"

Dkt. No. 9.) On August 10, 2026, Defendants filed their Opposition. ("Opp.," Dkt. No 10.) On August 17, 2026, Plaintiff filed his Reply. ("Reply," Dkt. No. 11.)

## II. LEGAL STANDARD

### A. Removal Jurisdiction

A defendant may remove a state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The notice of removal must be filed within thirty days after the defendant receives the initial pleading or within thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).

Removability of an action is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a [defendant's] duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "[I]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (citation modified). Given the strong presumption against removal jurisdiction, "the court resolves all ambiguity in favor of remand to state court." Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

### B. Fraudulent Joinder Doctrine

Federal courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff differs from that of each defendant. 28 U.S.C. § 1332(a); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). Given the "general presumption against [finding] fraudulent joinder," a party invoking federal diversity jurisdiction bears a "heavy burden" to prove fraudulent joinder "by clear and convincing evidence." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1046); Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

A defendant can establish fraudulent joinder by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1044). For example, courts find fraudulent joinder where claims against the non-diverse defendant are time-barred, the non-diverse defendant's conduct is privileged under state law, or the non-diverse defendant is not a party to the contract at issue. Id. (collecting cases); see also Hamilton, 494 F.3d at 1206. However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quoting Hunter, 582 F.3d at 1046). In making this determination, the district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550. Further, courts "decline[] to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id. at 548–49 (citing Hunter, 582 F.3d at 1046).

The test for fraudulent joinder (a jurisdictional inquiry) and the test for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (an adjudication on the merits) are not equivalent. Id. at 549. The test for fraudulent joinder is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. Id.

### C. Attorney Fees Under 28 U.S.C. § 1447(c)

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005)). "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." Id. at 562. Indeed, removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Grancare, 889 F.3d at 552 (quoting Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008)).

## III. DISCUSSION

Defendant Walmart removed the action, claiming that this Court has diversity jurisdiction because non-diverse Defendant Roberts was fraudulently joined. (Dkt. No. 1 at 4.) Plaintiff seeks remand, disputing the treatment of Defendant Roberts as a sham defendant. (Opposition.) The parties only dispute whether Defendant Roberts' citizenship should be disregarded when determining complete diversity; they do not dispute that the alleged amount in controversy exceeds $75,000. (Compare Motion with Opposition at 1.)

The Court evaluates whether Walmart has demonstrated, by clear and convincing evidence, Plaintiff's inability to state a cause of action for intentional infliction of emotional distress ("IIED") against Roberts. Walmart argues (1) that Plaintiff's IIED claim is barred by

the workers' compensation exclusivity doctrine, and (2) that Plaintiff fails to allege "extreme and outrageous" conduct required to state a viable IIED claim. (See Opposition.)

**A. Whether Plaintiff's IIED Claim Is Barred by the Exclusivity Provision of the California Workers' Compensation Act**

The Court concludes that Plaintiff's IIED cause of action against Roberts is barred by the California Workers' Compensation Act ("WCA"). Cal. Lab. Code § 3200 et seq. Under the WCA, workers' compensation is the exclusive remedy for injuries resulting from "alleged unlawful conduct [that] occurs at the worksite in the normal course of an employer-employee relationship." McInteer v. Ashley Distribution Servs., Ltd., 40 F. Supp. 3d 1269, 1295 (C.D. Cal. 2014); see also Corona v. Quad Graphics Printing Corp., 218 F. Supp. 3d 1068, 1072 (C.D. Cal. 2016). Therefore, the WCA preempts claims for emotional distress caused by misconduct involving "demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances"—even when the employer's conduct is "manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability"—because such conduct is considered "part of the normal risk of employment." Fretland v. Cty. of Humboldt, 69 Cal. App. 4th 1478, 1492 (1999); Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013).

On the other hand, "where the plaintiff has contended that the employer's conduct is outside the normal risk of the employment relation, claims for emotional distress are not preempted by [WCA]." Onelum, 948 F. Supp. 2d at 1054. For example, "a campaign of outrageous and harassing conduct, which included falsely claiming that plaintiff embezzled money" or false imprisonment of an employee suspected of theft exceed the normal risks of the employment relationship. Livitsanos v. Superior Ct., 2 Cal. 4th 744, 756 (1992); Operating Eng'rs Loc. 3 v. Johnson, 110 Cal. App. 4th 180, 189 (2003). "There is no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain. Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." Onelum, 948 F. Supp. 2d at 1055 (quoting Calero v. Unisys Corporation, 271 F. Supp. 2d 1172, 1177 (N.D. Cal. 2003)).

Here, Plaintiff's IIED claim is based on allegations that Roberts questioned his need to leave work, refused to meet with Plaintiff to implement approved disability accommodations, and subjected him to retaliatory and humiliating feedback sessions. (Motion at 7-8 (citing Complaint ¶¶ 17-19, 22-25, 33).) These factual allegations involve Roberts' conduct that occurred in the normal course of an employer-employee relationship. Roberts allegedly questioned Plaintiff's need to leave work as part of her responsibility to approve leave. She allegedly failed to implement disability accommodations and allegedly ridiculed or retaliated against Plaintiff during employer-employee feedback sessions. "Because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's . . . exclusive remedies provision." Rangel v. Bridgestone Retail Operations, LLC, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016).

Plaintiff nonetheless argues that Roberts' disregard of his serious medical conditions, refusal to implement disability accommodations, and persistent public humiliation of Plaintiff fell outside the scope of ordinary workplace supervision. (Motion at 8, 10.) California courts generally hold that an employer's illegal discriminatory practices are not a normal incident of employment. See M.F. v. Pac. Pearl Hotel Mgmt. LLC, 16 Cal. App. 5th 693, 700 (2017) (listing cases); Light v. Dep't of Parks & Recreation, 14 Cal. App. 5th 75, 101 (2017) (unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on such discrimination and retaliation are not subject to workers' compensation exclusivity."); see also Corona v. Quad Graphics Printing Corp., 218 F. Supp. 3d 1068, 1073 (C.D. Cal. 2016). However, Defendants are right to point out that Plaintiff's "IIED claim against Roberts is not 'predicated' upon any FEHA claims against her." (Opposition at 6.) Indeed, though the WCA does not preempt claims for unlawful discrimination under FEHA, the WCA does preempt an IIED claim premised on discriminatory conduct that occurred within the bounds of an employer's supervisory role. McInteer v. Ashley Distribution Servs., Ltd., 40 F. Supp. 3d 1269, 1295 (C.D. Cal. 2014) ("While a wrongful termination claim is not preempted by the worker's compensation exclusive remedy rule, an intentional infliction of emotional distress claim premised on termination is preempted."); see also Kaldis v. Wells Fargo Bank, N.A., 263 F. Supp. 3d 856, 868 (C.D. Cal. 2017) (holding that gender-biased comments concerning an employee's chances of promotion are preempted by the WCA).

The Court finds that Roberts' alleged misconduct did not exceed the normal risks of an employment relationship because it arose while Plaintiff requested to leave work, while Plaintiff requested implementation of accommodations, and during feedback sessions. Therefore, Plaintiff's IIED claim premised on Roberts' alleged misconduct is barred by the WCA's exclusive remedies provision.

**B. Whether Deficiencies Can Be Cured by Amendment**

The Court finds that amendment will not cure the deficiencies of Plaintiff's IIED claim against Roberts. Given the strong presumption against removal jurisdiction and strong presumption against a finding of fraudulent joinder, "remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure a purported deficiency" in its allegations against the non-diverse defendant. Jacob v. Mentor Worldwide, LLC, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019), aff'd sub nom. Nunn v. Mentor Worldwide, LLC, 847 F. App'x 373 (9th Cir. 2021) (citation modified). "Valid reasons for denying leave to amend include undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, and futility." Vieira v. Mentor Worldwide, LLC, 392 F. Supp. 3d 1117, 1132 (C.D. Cal. 2019), aff'd, 845 F. App'x 503 (9th Cir. 2021).

Walmart contends that Plaintiff's IIED claim fails as a matter of law because Roberts' alleged misconduct falls "within the scope of her employment as Plaintiff's supervisor." (Opposition at 13.) Plaintiff contends that he can "allege additional facts concerning Roberts'

personal involvement in the discriminatory and retaliatory conduct, her role in denying and failing to implement Plaintiff's reasonable accommodations, her participation in the interactive process, and the factual basis supporting Plaintiff's IIED claim." (Motion at 15.) The Court finds that such additional allegations relating to Roberts' personal involvement, failure to provide accommodations, and misconduct in the interactive process would still not render her conduct "outside the normal risk of the employment relation." Onelum, 948 F. Supp. 2d at 1054. Therefore, such amendments would be futile because Plaintiff's claims for emotional distress resulting from Roberts' conduct would still be preempted by the WCA.

### C. Whether Plaintiff Alleges "Extreme and Outrageous" Conduct

Having concluded that Plaintiff's IIED claim is barred by the WCA and that Plaintiff cannot overcome the WCA's exclusive remedies provision through amendment, the Court need not reach the issue of whether Plaintiff alleged facts demonstrating that Roberts engaged in extreme and outrageous conduct, as required to state a claim for IIED.

### D. Plaintiff's Request for Attorney Fees

The Court finds that Defendant Walmart had an objectively reasonable basis for seeking removal, as Plaintiff cannot bring her IIED claim against Roberts due to the exclusive remedies provision of the California Workers' Compensation Act. Under these circumstances, a reasonable litigant in Defendant Walmart's position could have concluded that federal court was the proper forum to litigate Plaintiff's claims. As Defendant Walmart's removal of the case was not objectively unreasonable, the Court **DENIES** Plaintiff's request for attorney fees. See Grancare, 889 F.3d at 552.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. (Dkt. No. 9.) The Court **VACATES** the August 31, 2026 hearing.

**IT IS SO ORDERED.**